UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO ANTONIO ESCOBAR CORDERO,

Petitioner,

v. Case No.: 2:26-cv-02306-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al*,

Respondents.
______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Marco Antonio Escobar Cordero's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Escobar Cordero is a native of Cuba who entered the United States in December 2021. The Department of Homeland Security (DHS) commenced removal proceedings by issuing a notice to appear and released Escobar Cordero into the country. On October 19, 2025, local police arrested Escobar Cordero during a traffic stop and handed him over to Immigration and Customs Enforcement. An immigration judge ordered Escobar Cordero removed to Haiti on April 23, 2026, and Escobar Cordero did not appeal. He challenges the legality of his continued detention at Glades County Detention Center.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on May 26, 2026. Thus, Escobar Cordero's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Marco Antonio Escobar Cordero's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 17, 2026.

Sheri Polster Chappell
**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies: All Parties of Record